UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
*Electronically Filed*

| | | |
|---|---|---|
| CASEY RHODES, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiffs | ) ) | Case No. _____ |
| v. | ) ) | |
| JOHN TILLEY | ) ) | |
| Serve: 125 Holmes Street<br>        Frankfort, Kentucky 40601 | ) ) ) | |
| JAMES ERWIN | ) ) | |
| Serve: 7504 Jones Trace<br>        Crestwood, Kentucky 40014 | ) ) ) | |
| RANDY WHITE | ) ) | |
| Serve: 275 East Main Street<br>        Frankfort, Kentucky 40601 | ) ) ) | |
| Defendants | ) ) | |

************

**CLASS ACTION COMPLAINT**

**Introduction**

1.     Casey Rhodes and the class were incarcerated for violating a statute that a Kentucky court later held unconstitutional. When that court made its ruling and informed Defendants—Kentucky Department of Corrections leadership—that they were unlawfully detaining Rhodes and the class. Defendants sought a stay of that decision and a writ of prohibition. Even after the Court of Appeals denied

Defendants relief, they refused to release Rhodes and the class. Plaintiffs now seek monetary damages for their unlawful detention.

**Parties and Jurisdiction**

2.      Casey Rhodes is a Kentucky resident. At all times relevant to this complaint, Rhodes was in KDOC's custody.

3.      At all times relevant to this Complaint, Defendant John Tilley was Commissioner of the Kentucky Justice & Public Safety Cabinet. He was responsible for ensuring KDOC incarcerated only people under a valid sentence of confinement. He is sued in his individual capacity.

4.      At all times relevant to this Complaint, Defendant James Erwin was KDOC Commissioner. He was responsible for ensuring KDOC incarcerated only people under a valid sentence of confinement. He is sued in his individual capacity.

5.      At all times relevant to this Complaint, Defendant Randy White was KDOC Deputy Commissioner. He was responsible for ensuring KDOC incarcerated only people under a valid sentence of confinement. He is sued in his individual capacity.

6.      This Court has subject matter jurisdiction over this action and venue is proper. Plaintiff's claims involve an amount more than the jurisdictional limit of this Court and a substantial amount of the conduct giving rise to this matter occurred in this judicial district.

### Class Action Allegations

7.     This is a class action under Federal Rules of Civil Procedure 23(a) and (b).

8.     Rhodes is representative of a class composed of all prisoners in KDOC's custody on October 31, 2018, who were incarcerated only for violations of post-incarceration supervision under KRS 532.400(1)(b), and who were not released from custody upon Defendants' receipt of the Court of Appeals' order denying KDOC relief from the Franklin Circuit Court order declaring KRS 532.400(1)(b) unconstitutional.

9.     Rhodes is aware of at least 51 class members and believes the number is likely over 100. Therefore, the class is so numerous that joinder of all members is impracticable.

10.     Rhodes' claims involve common questions of law and fact that are typical of the whole class. The claims concern Defendants' policies and procedures for implementing court orders and releasing inmates who no longer have a valid sentence of confinement. Common questions include: 1) when Defendants implemented the Court's order that Rhodes and the class be released; 2) whether Defendants' failure to order that Rhodes and the class be released immediately constitutes violations of the Eighth Amendment, Fourteenth Amendment, or both.

11.     These common questions predominate over any questions affecting only individual class members.

12.     Rhodes has a strong personal interest in the outcome of this litigation and is represented by competent, class-action experienced counsel who will adequately and fairly represent the class' interests.

13.     A class action is superior to any other available method for a fair and efficient adjudication of this controversy. Separate actions by individual class members would create a risk of inconsistent or differing adjudications and delay the ultimate resolution of the issues at stake.

### Facts

14.     Rhodes and the class were sentenced to terms of incarceration in KDOC custody. None was sentenced to supervision by KDOC Probation and Parole after their sentence or parole expired.

15.     KDOC classified Rhodes and the class as maximum or close security during their incarceration.

16.     KRS 532.400(1)(b) provides that any person who, while in KDOC custody, has a maximum or close security classification shall be subject to one year of post-incarceration supervision after their sentence or parole expires.

17.     Under that statute, Rhodes and the class were subject to one year of post-incarceration supervision.

18.     During that year, Rhodes and the class were incarcerated again solely for violations of their supervision requirements.

19.     On March 29, 2018, the Hon. Thomas D. Wingate, Franklin Circuit Court, held that KRS 532.400(1)(b) violates the United States and Kentucky

Constitutions because it violates due process, separation of powers, and is unconstitutionally vague and arbitrary.

20.    KDOC moved the court to stay its decision, which Judge Wingate denied. KDOC then moved the Kentucky Court of Appeals for a writ of prohibition and a stay of Judge Wingate's order.

21.    On October 31, 2018, the Court of Appeals denied both of KDOC's requests.

22.    On October 31, 2018, Rhodes and the class had no other outstanding sentences or detainers that would have required KDOC to keep them incarcerated.

23.    Despite Judge Wingate's and the Court of Appeals' orders, Defendants refused to provide Rhodes and the class a hearing regarding their confinement.

24.    Despite the Courts of Appeals' orders, Defendants refused to release Rhodes and the class.

25.    Defendants did not release Rhodes until November 8, 2018.

26.    On information and belief, Defendants refused to release the other class members for several days after the Court of Appeals' orders.

**Count 1:**
**Eighth Amendment**
**42 U.S.C. § 1983**
**(All Defendants)**

27.    Defendants acted under color of law.

28.    Rhodes and the class had a liberty interest in being released when their sentences were no longer valid.

29.     Defendants were deliberately indifferent in that they knew of a substantial risk of serious harm to Rhodes and the class, specifically that they were at risk of confinement beyond a valid sentence, and disregarded that risk by failing to take reasonable measures to deal with it.

30.     Rhodes and the class would have been released from prison earlier if Defendants had not been deliberately indifferent.

31.     In addition to compensatory damages, expenses, and court costs, Rhodes and the class are entitled to punitive damages and an award of attorney fees pursuant to 42 U.S.C. § 1988.

### Count 2:
### Fourteenth Amendment
### 42 U.S.C. § 1983
### (All Defendants)

32.     Defendants acted under color of law.

33.     Rhodes and the class had a liberty interest in being released when their sentences were no longer valid.

34.     Defendants' procedures, or lack of procedures, for decreasing the risk of erroneous detention posed a significant risk to Rhodes and the class' liberty interest.

35.     The burden on Defendants, if any, of instituting readily available procedures for decreasing the risk of erroneous detention is minimal.

36.     The procedures afforded to Rhodes and the class failed to provide them due process.

37.     In addition to compensatory damages, interest, expenses, and court costs, Rhodes and the class are entitled to punitive damages and an award of attorney fees pursuant to 42 U.S.C. § 1988.

**Count 3:**
**Eighth Amendment**
**42 U.S.C. § 1983**
**(Defendants Tilley and Erwin)**

38.     Defendant Tilley encouraged Defendant Erwin's and White's deliberate indifference, in that he officially authorized, approved, or knowingly went along with his subordinates' unconstitutional conduct.

39.     Defendant Erwin encouraged Defendant White's deliberate indifference, in that he officially authorized, approved, or knowingly went along with his subordinate's unconstitutional conduct.

40.     Defendant Tilley knowingly refused to terminate a series of acts by Defendants Erwin and White, which he knew or reasonably should have known would cause his subordinates to be deliberately indifferent.

41.     Defendant Erwin knowingly refused to terminate a series of acts by Defendant White, which he knew or reasonably should have known would cause his subordinate to be deliberately indifferent.

42.     In addition to compensatory damages, interest, expenses, and court costs, Rhodes and the class are entitled to punitive damages and an award of attorney fees pursuant to 42 U.S.C. § 1988.

**Count 4:**
**False Imprisonment**
**(All Defendants)**

43.     Defendants intentionally confined Rhodes and the class or instigated their confinement.

44.     Rhodes and the class were aware of their confinement at the time.

45.     No Defendant enjoyed a privilege or immunity to confine Rhodes and the class after the Court of Appeals' orders on October 31, 2018.

46.     In addition to compensatory damages, interest, expenses, and court costs, Rhodes and the class are entitled to punitive damages.

**Request for Relief**

Accordingly, Casey Rhodes and the class request that the Court grant the following relief:

1.     Judgment in their favor against Defendants and an award of monetary damages, including punitive damages, for Defendants' unlawful actions;

2.     An award of attorney fees, costs, and expenses incurred in prosecuting this action, pursuant to 42 U.S.C. § 1988;

3.     Trial by jury; and

4.     All other relief to which Rhodes and the class may be entitled.

Respectfully submitted,


/s/ Gregory A. Belzley
Gregory A. Belzley
gbelzley@aol.com
Camille A. Bathurst
camillebathurst@aol.com
Aaron Bentley
abentley3B@gmail.com
Belzley, Bathurst & Bentley
P.O. Box 278
Prospect, Kentucky 40059
(502) 292-2452
*Co-counsel for Plaintiffs*